UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICARDO MARTINEZ ET AL, | CASE NO. 2:24-cv-01706-TL |
| Plaintiffs, | ORDER ON MOTION TO AMEND |
| v. | |
| EASTSIDE FIRE AND RESCUE ET AL, | |
| Defendants. | |

This matter is before the Court on Plaintiffs' Rule 59(e) Motion to Alter or Amend. Dkt. No. 26. Having considered Defendants' response (Dkt. No. 27) and the relevant record, the Court DENIES Plaintiffs' motion.

## I.    BACKGROUND

This action arises from constitutional challenges by thirteen former firefighters to mask and vaccine mandates issued by Defendant Eastside Fire and Rescue ("EFR") during their tenure as employees. *See generally* Dkt. Nos. 1 (complaint), 1.1–1.9 (exhibits). To briefly summarize, Plaintiffs allege that they were terminated or otherwise forced to end their employment at various

times from 2021 to 2023 as a result of their opposition to EFR's 2021 Directive requiring employees to become vaccinated against COVID-19, which Plaintiffs contend violated their rights to refuse investigational drugs. *See* Dkt. No. 1; *see also* Dkt. No. 24 (Order on motion to dismiss) at 2–4.

On October 17, 2024, Plaintiffs filed the instant action, bringing claims under the Due Process and Equal Protection Clauses of the Fourteenth Amendment, as well as claims for right to privacy, procedural due process, and unlawful termination. Dkt. No. 1. In December 2024, Defendant EFR moved to dismiss Plaintiffs' complaint in full. Dkt. No. 15. The Court granted Defendant's motion on June 10, 2025, but provided Plaintiffs leave to amend their complaint within thirty days of the date of the Order. Dkt. No. 24.

On July 7, 2025, Plaintiffs filed the instant motion to amend pursuant to Federal Rule of Civil Procedure 59(e). Dkt. No. 26.

## II.    DISCUSSION

### A.    Motion to Alter or Amend Judgment

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend *judgments*. It is "an extraordinary remedy which should be used sparingly." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc)). "In general, there are four basis grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which *the judgment* rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Id.* (quoting *McDowell*, 197 F.3d at 1255 n.1) (emphasis added).

As the Court provided Plaintiffs with leave to amend their complaint, no judgment in this case has been entered. *See generally* Dkt. No. 24. Accordingly, Plaintiffs have no grounds to request alteration or amendment of a non-existent judgment.

**B.     Motion for Reconsideration**

What Plaintiffs appear to seek is reconsideration. They argue that the Court erred in failing to address the issue of federal preemption, by interpreting the COVID-19 vaccine as an FDA-licensed vaccine instead of an EUA/PREP Act unapproved drug, and by determining that EFR's policy was issued in compliance with Proclamation 21-14 and therefore rational. *See generally* Dkt. No. 26.

Plaintiffs' motion is untimely. Under Local Civil rule 7(h)(2), a motion for reconsideration "shall be filed within fourteen days after the order to which it relates is filed." The Court's Order was issued on June 10, 2025; accordingly, any motion for reconsideration should have been filed no later than June 24, 2025. Plaintiffs' motion was filed on July 7—nearly two weeks after that deadline. Accordingly, Plaintiffs' motion is untimely and will be denied on that basis.

But even if the Court were to consider the merits of Plaintiffs' motion, Plaintiffs do not meet the high burden required for reconsideration. "Motions for reconsideration are disfavored." LCR 7(h)(1). Such motions are ordinarily denied absent "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* Motions for reconsideration should be granted only in "highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also Inventist, Inc. v. Ninebot Inc.*, 664 F. Supp. 3d 1211, 1215 (W.D. Wash. 2023) (noting reconsideration is an "extraordinary remedy," and the moving

1  party bears a "heavy burden"). "A motion for reconsideration 'may *not* be used to raise

2  arguments or present evidence for the first time when they could reasonably have been raised

3  earlier in the litigation.'" *Marlyn Nutraceuticals*, 571 F.3d at 880 (emphasis in original) (quoting

4  *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "Whether or not to grant

5  reconsideration is committed to the sound discretion of the court." *Navajo Nation v.*

6  *Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003)

7  (citing *Kona Enters. Inc.*, 229 F.3d at 883).

8          Plaintiffs' motion largely attempts to relitigate arguments that were raised in response to

9  Defendant's motion to dismiss. *Compare, e.g.*, Dkt. No. 26 at 5–15 (addressing preemption),

10  *with* Dkt. No. 16 (Plaintiffs' response to motion to dismiss) at 17–18 (addressing preemption);

11  *compare* Dkt. No. 26 at 18 (addressing Proclamation 24-14), *with* Dkt. No. 16 at 13–14

12  (addressing Proclamation 24-14). In the absence of new evidence or arguments that could not

13  have reasonably been raised earlier in the litigation or a showing of manifest error, the Court

14  declines to reconsider its prior Order.

15                      **III.   CONCLUSION**

16          Accordingly, Plaintiffs' motion is DENIED.

17          Dated this 22nd day of August 2025.

18

19                                      Tana Lin
                                        United States District Judge
20

21

22

23

24